**SO ORDERED.**

**SIGNED July 20, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
               UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF LOUISIANA


IN RE:

JAMES E. JOHNSON, JR., and                    CASE NO. 05-53918
DORA G. JOHNSON,

   Debtors                                    CHAPTER 13

------------------------------------------------------------------
                       REASONS FOR DECISION
------------------------------------------------------------------
```

James E. Johnson, Jr., and Dora G. Johnson ("Debtors") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code[1] on November 30, 2005, and on that day an order for relief was duly entered. Confirmation of their original chapter 13 plan having been denied, the Debtors filed an Amended Chapter 13 Plan ("Plan"). Toyota Motor Credit Corporation ("TMCC") has objected to confirmation of the Plan.

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ____."

**JURISDICTION**

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

**LAW AND ANALYSIS**

The Plan treatment of the TMCC claim is what is known as the "cramdown," that is, although TMCC's claim will be recognized as secured, the amount of the secured portion of such claim will be equal to the value of the collateral securing the claim with the balance of the claim being deemed unsecured. *See*, sections 506(a) and 1325(a)(5)(B). TMCC takes the position, however, that a provision of what has been referred to as the "hanging paragraph," which immediately follows section 1325(a)(9), does not permit such modification.

This is the first opportunity the court has had to address issues raised by the hanging paragraph. In doing so, the following sections of the Bankruptcy Code are considered relevant.

Page 2

Section 506(a)(1) generally provides that a claim secured by a lien on property of the estate is a secured claim to the extent of the value of the property and is an unsecured claim to the extent that the value of the collateral is less than the amount of the claim. The effect of section 506(a)(1) is to bifurcate certain creditor claims into secured and unsecured portions.

Section 1325(a)(5)(B), which is the cramdown provision, requires the court to confirm a plan over the creditor's objection if the plan provides that: (a) the creditor retains its lien, (b) the allowed amount of the secured claim is paid, and (c) the creditor receives equal monthly payments sufficient to provide the creditor with adequate protection.

The hanging paragraph following section 1325(9) provides in relevant part:

> For purposes of paragraph (5)[treatment of secured claims], section 506 [providing for bifurcation of under-secured claims] shall not apply . . . if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . acquired for the personal use of the debtor, . . . .

Thus, the hanging paragraph prohibits cramdown under section 1325(a)(5) if the following facts exist: (a) the creditor holds a purchase money security interest in a motor vehicle; (b) the debt was incurred within 910 days of the bankruptcy filing; and (c) the

Page 3

motor vehicle was acquired for the personal use of the debtor. As the Debtor concedes that the first two requirements are satisfied, the sole issue in the instant case is whether the motor vehicle was acquired for the Debtor's personal use.

Congress, however, in its infinite wisdom, or lack thereof, chose not to define the term "personal use." TMCC contends that the term should be interpreted as meaning not for use for profit or business motive, arguing that the Internal Revenue Service ("IRS") guidelines on business deductions should be used to determine whether a vehicle is used for a business purpose, *i.e.*, if the debtor cannot take a deduction for the expenses relating to the vehicle, the use of the vehicle should be deemed personal. On the other hand, the Debtors assert that resolution of the dispute should be analyzed in conjunction with the particular exemption law applicable to the case, *i.e.*, since Louisiana is an opt-out state, if the vehicle is exempt under LSA-R.S. 13:3881A(2), the vehicle should be deemed used for a business purpose. The court disagrees with both approaches.

First of all, the court does not believe that Congress intended the court to rely upon the IRS standards in determining whether a vehicle was acquired for the personal use of the debtor. In enacting the recent amendments to the Bankruptcy Code, Congress made specific reference to certain provisions of the Internal

Revenue Code.  *See, e.g.,* the so-called "means test" found in section 707(b)(2)(A)(ii)(I).  If Congress had intended for the IRS guidelines to apply in cases involving the hanging paragraph, they certainly knew how to do so and obviously chose not to do so.  Consequently, and while acknowledging that other courts may have utilized this approach, this court concludes that reference to the IRS standards for a determination of the issue is inappropriate.

Further, the court does not believe that Congress intended the issue to be decided by the exemption statutes applicable to the case.  The United States Constitution gives power to the Congress "to establish . . . uniform laws on the subject of bankruptcies throughout the United States."  U.S. Const. art I, § 8, cl. d.  If the applicability of the "hanging paragraph" hangs upon the exemption laws of the several states, identical facts may bring about inconsistent results depending upon the forum where the case is pending.  Again, the court acknowledges that certain courts have utilized the exemption statutes in analyzing the applicability of the hanging paragraph.  Further, the Congress itself has somewhat dodged the "uniformity" requirement of the Constitution in enacting the opt-out provision of section 522(b)(2) which often leads to inconsistent and non-uniform results among the several states.  Nonetheless, this court concludes that the exemption laws are not determinative of the business versus personal issue.

Page 5

The court also acknowledges that many interested persons in addition to the immediate parties before the court are awaiting this court's decision in anticipation of the court establishing a "bright line" test for the determination of business versus personal use. Unfortunately, the court declines to do so, concluding, as is the case in several instances of interpretation under the Bankruptcy Code, the issue should be determined by the "totality of circumstances" approach. *See, e.g., Public Finance Corp. v. Freeman*, 712 F.2d 219 221 (5th Cir. 1983)("the phrase 'proposed in good faith' [in section 1325] must be viewed in light of the totality of the circumstances surrounding confection of a given Chapter 13 plan."); *Matter of Gamble*, 143 F.3d 223, 226 (5th Cir. 1998)(in applying section 523(a)(15)(B), "an assessment of benefit and detriment . . . implicates an analysis of the totality of the circumstances, not just a comparison of the parties' relative net worths.").

Although no litmus test is afforded for deciding the business versus personal issue, the court is able to provide some guidance regarding the factors which should be considered in evaluating the totality of the circumstances. The language of the statute provides some, although minimal, guidance. For the anti-cramdown provision to apply, the motor vehicle must have been "acquired" for

Page 6

the personal use of the debtor. Accordingly, the court must examine the extant circumstances not as of the petition date (as in the case of exemptions), but as of the date the vehicle was acquired. For example, if the vehicle was to be used solely and unquestionably for the debtor's personal use at the time it was acquired, then the anti-cramdown provision of the hanging paragraph would apply. Further, if the plain meaning of the statute is to be enforced as it must[2], this conclusion would not be affected by the debtor's subsequent use of the vehicle for solely and unquestionably business purposes.

Cases arising under the hanging paragraph, however, will not involve situations where the use of the vehicle is solely and unquestionably business or personal. Most, if not all, situations will be similar to the instant case where the use of the vehicle is a blend of business and personal use.

If not the most important consideration, a substantial factor in considering the totality of the circumstances is whether the acquisition of the vehicle enabled the debtor to make a significant contribution to the gross income of the family unit. If it did, then this court concludes that the vehicle was not "acquired for

---

[2] <u>United States v. Ron Pair Enterprises, Inc</u>., 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

Page 7

the personal use of the debtor." Again, the court believes the test must be applied as of the date of acquisition, not the date of the bankruptcy filing.

Here, the parties have stipulated that the vehicle was purchased for the primary purpose to enable one of the Debtors, Dora Johnson, to drive to and from work, who, at the time was employed by the Lafayette Parish School Board. At the time the vehicle was acquired, the court finds that Ms. Johnson's employment made a significant contribution to the family's gross income. The vehicle not only facilitated that contribution, the ability of Ms. Johnson to obtain those earnings was dependent upon the vehicle. Accordingly, the court holds that the vehicle was not acquired for the personal use of the Debtors within the meaning of the hanging paragraph, and, therefore, the anti-cramdown provision does not apply. The debt of TMCC can be modified in accordance with section 1325(a)(5)(B).

For the foregoing reasons, the objection filed by TMCC is **OVERRULED**. The court will refix the hearing on confirmation to determine whether all confirmation issues have been resolved. A separate order in conformity with the foregoing reasons has this day been entered into the record of this proceeding.

###